928 F.2d 400
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ozzie NEGRON, Defendant-Appellant.
 No. 89-5210.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 10, 1991.
Decided March 11, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-88-273-2)
 Mark King Leban, Law Offices of Mark King Leban, P.A., Miami, Fla., argued for appellant.
 Hunter P. Smith, Jr., Assistant United States Attorney, Charleston, W.V., argued for appellee; Michael W. Carey, United States Attorney, Charleston, West Virginia, on brief.
 S.D.W.Va.
 AFFIRMED.
 Before CHAPMAN, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Following a jury trial, appellant, Ozzie Negron, was convicted of all nine counts contained in a superseding indictment returned by the grand jury for the Southern District of West Virginia. These charges included: (1) conspiracy to distribute, to cause to be distributed, to possess with intent to distribute, and to cause to be possessed with intent to distribute more than six pounds of cocaine in violation of 21 U.S.C. Sec. 846; (2) five counts of distributing, aiding and abetting the distribution, and causing to be distributed cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2; and (3) one count of causing interstate travel in aid of racketeering in violation of 18 U.S.C. Sec. 1956(a)(3) and (2). Appellant claims the trial judge erred in denying his motion to exclude a co-conspirator's testimony, because there was insufficient independent corroborating evidence to establish the existence of a conspiracy by a preponderance of the evidence. He also claims the trial judge erred in denying his motion for acquittal, arguing that the evidence was insufficient as a matter of law to convince any rational trier of fact of his guilt beyond a reasonable doubt. After a careful study of the record, consideration of the briefs and the oral arguments, we are not persuaded that the trial court committed error, and we affirm.
 
 
 2
 Appellant Negron, who lived in Florida, was charged with being a co-conspirator with George Hodges and Charles Burford, both of West Virginia. According to the evidence produced, Negron provided the cocaine for distribution in West Virginia; Burford was responsible for finding a good supply of high quality cocaine and causing it to be transported to West Virginia; and Hodges sold the cocaine after it arrived in West Virginia. This conspiracy allegedly lasted from July 1984 to December 1985.
 
 
 3
 In the substantive counts, Negron was charged with aiding and abetting in the distribution of cocaine on seven different dates, plus one count of causing interstate travel from Charleston, West Virginia to Fort Lauderdale, Florida to promote and facilitate the carrying on of the unlawful activity. Appellant's part in the substantive counts was alleged to be that of an aider and abettor. This was the theory of the prosecution, and this theory was explained to the jury in the opening statement and guided the prosecution throughout the trial.
 
 
 4
 Hodges testified for the government and explained the conspiracy to distribute cocaine in West Virginia. Hodges testified that Burford was a member of the conspiracy, and that it was through Burford that good quality cocaine was obtained from Florida. Burford refused to testify. However, a redacted copy of his grand jury testimony was read to the jury as a part of Negron's case in chief. The court record showing Burford's indictment and judgment of conviction of the drug charges was put in evidence.
 
 
 5
 Burford denied any role in a cocaine conspiracy with Hodges and denied that he had arranged with Negron to supply cocaine to him and Hodges for resale in West Virginia. Burford did admit his friendship with Negron and that he had used cocaine with Negron.
 
 
 6
 There was considerable testimony about large amounts of cash being sent from West Virginia to Burford in Florida while Burford was staying at Negron's house. There was testimony that in the fall of 1985 a shipment of cocaine from Florida arrived at Burford's house and contained only one-half of the cocaine expected, Burford advised Hodges that he would call "Ozzie." Burford later told Hodges that he had talked to "Ozzie" and that the balance of the shipment would be made up at another date. Shortly thereafter, the balance of the shipment of cocaine arrived.
 
 
 7
 Negron argues that the trial judge erred in admitting Hodges' testimony about statements made to him by Burford regarding Negron's involvement in the conspiracy. These statements would be inadmissible hearsay unless admissible under the co-conspirator exception to the hearsay rule found in Fed.R.Evid. 801(d)(2)(E) ("a statement by a co-conspirator of a party during the course and in the furtherance of the conspiracy"). To be admissible under this exception, the government must show by a preponderance of the evidence (1) that there was a conspiracy, which included the declarant and the defendant, and (2) that the statement was made in the course of and in furtherance of that conspiracy. Bourjaily v. United States, 483 U.S. 171, 175 (1987).
 
 
 8
 The government's proof met this test. The conspiracy to distribute cocaine in West Virginia was evidenced by the testimony of Hodges, and the record of Burford's convictions in a prior trial of being a member of the conspiracy. The statements of Burford that he would call Ozzie and that he had called Ozzie about the shortage in one of the drug shipments were statements made in the course of and in furtherance of the conspiracy. There was a preponderance of evidence to support a finding that Negron was a member of the conspiracy. In making this determination, the trial court "may examine the hearsay statements sought to be admitted." Id. at 181. In the present case the district court had considerable independent evidence that Negron was a member of the conspiracy. There was testimony of the delivery of large amounts of cash to Burford for the purchase of cocaine when Burford was in Fort Lauderdale at Negron's condominium; that Kinder delivered $13,000 of drug cash proceeds to Negron at the request of Hodges, who was acting at Burford's direction; that Negron distributed cocaine to Kinder for his personal use in Fort Lauderdale and West Virginia; that Negron had unexplained affluence without a regular job; and the telephone records of many calls between Burford's residence in West Virginia and Negron's apartment in Fort Lauderdale and a restaurant in Fort Lauderdale which he often used. We find no error in the admission of the statements because there is a preponderance of evidence to support the trial judge's findings that they are admissible under Rule 801(d)(2)(E).
 
 
 9
 We have reviewed the record and find ample evidence to support the convictions on each count. Appellant argues that the government failed to connect him directly with the substantive drug counts, but the evidence was sufficient to show that Negron aided and abetted in these distributions by being the source of the cocaine that was distributed. Although the evidence heard by the jury was contradictory and conflicting, there was sufficient direct and circumstantial evidence, when viewed in the light most favorable to the government, to allow a rational trier of fact to find the defendant guilty beyond a reasonable doubt on each count.
 
 AFFIRMED